**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

SHAWN ALLEN,

        Petitioner,     :     Case No. 1:19-cv-315

  - vs -                         District Judge Douglas R. Cole
                                    Magistrate Judge Michael R. Merz

WARDEN,
  Warren Correctional Institution,

                              :
        Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254, brought by Petitioner Shawn Allen with the assistance of counsel, is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 6), the Return of Writ (ECF No. 7), and Petitioner's Reply (ECF No. 9).

**Litigation History**

On February 19, 2015, the Hamilton County grand jury indicted Allen on one count of murder in violation of Ohio Revised Code § 2903.02(B) with two firearm specifications and one count of aggravated robbery in violation of Ohio Revised Code § 2911.01(A)(1), also with two firearm specifications (Indictment, State Court Record, ECF No. 6, Ex. 1).

1

On November 4, pursuant to plea negotiations, Allen pleaded guilty to one count of involuntary manslaughter in violation of Ohio Revised Code § 2903.04(A) with one firearm specification and to the aggravated robbery count, with the remaining charges and specifications being dismissed. He was sentenced to eleven years imprisonment on the manslaughter charge, three years on the firearm specification, and four years on the aggravated robbery, all to be served consecutively for a term of eighteen years.

Allen appealed to the Ohio First District Court of Appeals which affirmed. *State v. Allen*, 2016-Ohio-5258 (Ohio App. 1st Dist. Aug. 5, 2016)("*Allen I*"), appellate jurisdiction declined, 148 Ohio St. 3d 1426 (2017).

On December 19, 2016, Allen filed in the Court of Common Pleas a Petition to Vacate Judgment/Sentence under Ohio Revised Code § 2953.21 or, in the Alternative, to Withdraw Guilty Plea. (State Court Record, ECF No. 6, Exhibit 17). The trial court denied relief and Allen appealed, but the First District again affirmed, both initially and on reconsideration. *State v. Allen*, 2018 Ohio App. LEXIS 313 (Ohio App. 1st Dist. Jan. 26, 2018)("*Allen II*"), appellate jurisdiction denied, *State v. Allen*, 152 Ohio St. 3d 1482 ( 2018)).

On April 30, 2019, Allen filed his Petition in this Court, pleading the following grounds for relief:

> **Ground One:** Involuntary manslaughter and aggravated robbery were allied offenses of similar import. The court's imposition of separate sentences was a violation of the double jeopardy clause of the 5th Amendment.
>
> **Supporting Facts:** The involuntary manslaughter and aggravated robbery conviction sin this case are allied offenses. The allegations involve one act, one animus. Separate sentences for these cases violations [sic] the prohibition against double jeopardy.
>
> **Ground Two**: The guilty plea was not made knowingly, intelligently and voluntarily because the factual allegations did not support the charge and the court lacked jurisdiction to convict.

>**Supporting Facts**: With regard to Petitioner's conviction for involuntary manslaughter, the allegations relied upon by the state do not give rise to a violation of that statute. The guilty plea was not knowing, intelligent and voluntary and the court was without jurisdiction absent a factual basis to do so.
>
>**Ground Three**: Petitioner was deprived of effective assistance of counsel.
>
>**Supporting Facts**: At the time trial counsel was representing Petitioner on this case, he was also representing a witness for the state. Gary Young was a witness for the state. Petitioner's counsel represented Mr. Young in his separate criminal case. Petitioner was negatively impacted (as discussed below) by counsel's advice to plead guilty based on misrepresentations about what the sentence would be. Trial counsel did not disclose this conflict.
>
>**Ground Four**: Petitioner was deprived of effective assistance of counsel during plea negotiations.
>
>**Supporting Facts**: In advising Petitioner to plead guilty, trial counsel informed Petitioner that trial counsel and [sic] negotiated a plea bargain with the prosecutor. Trial counsel told Petitioner that if he pled guilty he would receive a sentence of 6 years in prison. Petitioner relied on counsel's representations when entering the plea. Petitioner was not sentenced to 6 years in prison, but was given 18 years in prison. Trial counsel refused to talk to Petitioner or file a motion withdraw [sic] his plea after the sentencing hearing.

(Petition, ECF No. 1, PageID 6-11.)

The Petition states "Grounds five, six and seven are outlined in the attached documentation." *Id.* at PageID 11. However, the attachment does not contain any pleaded fifth, sixth, or seventh grounds for relief.

# Analysis

**Ground One: Violation of the Double Jeopardy Clause**

In his First Ground for Relief, Allen asserts his conviction for both involuntary manslaughter and aggravated robbery violates the Double Jeopardy Clause.

Respondent asserts this claim is procedurally defaulted by Allen's failure to make a contemporaneous objection and alternatively is without merit (Return, ECF No. 7, PageID 356-64). In his Reply, Allen argues the merits of Ground One, but makes no response to the procedural default defense (ECF No. 9, PageID 381-86).

**Procedural Default**

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). "Absent cause and prejudice, 'a federal

habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'" *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017).

> "A claim may become procedurally defaulted in two ways." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

*Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*);

5

*Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner can overcome a procedural default by showing cause for the default and prejudice from the asserted error. *Atkins v. Holloway*, 792 F.3d 654, 657 (6th Cir. 2015).

Applying the *Maupin* analysis to Ground One, the Magistrate Judge first notes that Ohio does have a relevant procedural rule. Parties must make a contemporaneous objection to trial court error to preserve errors for appeal by calling them to the attention of the trial court at a time when the error could have been avoided or corrected. *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998).

The First District Court of Appeals enforced the contemporaneous objection rule against

6

Allen by holding that he had forfeited his allied offenses claim by failing to make it in the trial court at the time of sentencing. *Allen I* at ¶¶ 8-11. Although the First District also reviewed the merits of this claim, it did so for plain error. An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle*, 271 F.3d 239 (6th Cir. 2001).

The Sixth Circuit has repeatedly held that the contemporaneous objection rule is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012), *citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 562 U.S. 876 (2010).

Allen has not offered any excusing cause or prejudice. In fact, as the First District noted, counsel expressly conceded that involuntary manslaughter and aggravated robbery were not, on the facts of this case, allied offenses of similar import. *Allen I* at ¶ 10. Therefore Ground One is procedurally defaulted.

7

**Merits**

Alternatively, Ground One is without merit.

The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution affords a defendant three basic protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

*Brown v. Ohio,* 432 U.S. 161, 165 (1977), quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969). The Double Jeopardy Clause was held to be applicable to the States through the Fourteenth Amendment in *Benton v. Maryland,* 395 U.S. 784, 794 (1969). As Petitioner notes, the Double Jeopardy Clause prevents the sentencing court from prescribing greater punishment than the legislature intended (Reply, ECF No. 9, PageID 381, citing *Missouri v. Hunter,* 459 U.S. 359, 366 (1983)).

Allen makes his entire Double Jeopardy argument in terms of Ohio's jurisprudence interpreting Ohio Revised Code § 2941.25, the allied offenses of similar import statute (Reply, ECF No. 9, PageID 382-86). Federal law is only brought into the matter at the very end of the argument where Allen claims the First District's decision is

> contrary to clearly established law because the court failed to make a determination regarding the legislative intent. In fact, the state court failed to analyze the issue at all. Without reference to the applicable law, the legislative intent or the facts of the case, the state court stated, "the trial court did not err by imposing multiple sentences for allied offenses . . ..

(Reply, ECF No. 9, PageID 286, quoting *Allen I* at ¶ 12.) Counsel does not cite any clearly established Supreme Court precedent to which this holding is contrary. There is in fact no

8

precedent known to the Magistrate Judge which holds that punishing these two offenses separately violates the Double Jeopardy Clause because it exceeds the intent of the General Assembly. Nor is there any doubt that these two offenses are separate for Double Jeopardy purposes because each involves an element not present in the other – death in the case of manslaughter and theft in the case of robbery. The test for whether two offenses constitute the same offense for Double Jeopardy purposes is "whether each offense contains an element not contained in the other." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Allen argues this Ground for Relief largely in terms of the "conduct of the accused" standard from *State v. Johnson*, 128 Ohio St. 3d 153 (2010), interpreting Ohio Revised Code § 2941.25. However *Johnson* was substantially modified in *State v. Ruff*, 143 Ohio St. 3d 114 (2015).

> 1. In determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must evaluate three separate factors—the conduct, the animus, and the import.
>
> 2. Two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable.
>
> 3. Under R.C. 2941.25(B), a defendant whose conduct supports multiple offenses may be convicted of all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus.

*Id*. Under *Ruff* the crimes of manslaughter and robbery are of dissimilar import because the harm that results from each of them is separate and identifiable: death in the manslaughter instance, loss of property in the robbery instance. *Ruff* was recognized by this Court as the controlling interpretation of Ohio Revised Code § 2941.25 in *Kilby v. Court of Common Pleas*, 2015 U.S.

9

Dist. LEXIS 48471 (S.D. Ohio Apr. 13, 2015)(Rice, J.),

Allen is correct that the First District's allied offenses analysis is summary, but it reaches the conclusion that no error occurred in failing to merge these two offenses. A state court decision can constitute an "adjudication on the merits" entitled to deference under 28 U. S.C. § 2254(d)(1) even if the state court does not explicitly refer to the federal claim or to relevant federal case law. In *Harrington v. Richter*, 562 U.S. 86 (2011), the Supreme Court held:

> By its terms § 2254(d) bars relitigation of any claim "adjudicated on the merits" in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2). There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning. *See Chadwick v. Janecka*, 312 F.3d 597, 605-606 (CA3 2002); *Wright v. Secretary for Dept. of Corrections*, 278 F.3d 1245, 1253-1254 (CA11 2002); *Sellan v. Kuhlman*, 261 F.3d 303, 311-312 (CA2 2001); *Bell v. Jarvis*, 236 F.3d 149, 158-162 (CA4 2000) (en banc); *Harris v. Stovall,* 212 F.3d 940, 943, n. 1 (CA6 2000); *Aycox v. Lytle,* 196 F.3d 1174, 1177-1178 (CA10 1999); *James v. Bowersox*, 187 F.3d 866, 869 (CA8 1999). And as this Court has observed, a state court need not cite or even be aware of our cases under § 2254(d). *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) (per curiam). Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief. This is so whether or not the state court reveals which of the elements in a multipart claim it found insufficient, for § 2254(d) applies when a "claim," not a component of one, has been adjudicated.

*Id.* at 98.

Because the First District's decision on Allen's Double Jeopardy/Allied Offenses claim is neither contrary to nor and objectively unreasonable application of clearly established Supreme Court Double Jeopardy precedent, Ground One also fails on the merits.

10

**Ground Two: Involuntary Guilty Plea Because of Insufficient Evidence**

In his Second Ground for Relief, Allen claims his guilty plea is invalid because the trial court lacked jurisdiction to convict him of involuntary manslaughter on the facts presented by the prosecutor (Petition, ECF No. 1). Allen argues in the Supplement to his Petition:

> Mr. Allen was convicted of voluntary manslaughter and the factual basis relied upon by the state was that a death occurred during a drug transaction. As discussed above, there was no factual basis to support such an assertion.

*Id.* at PageID 28.

The Warden concedes this Ground for Relief is preserved for merits review, but argues it is without merit because, during the plea colloquy, Allen admitted the facts on which the conviction was based (Return, ECF No. 7, PageID 364-66).

This claim was made as Allen's Third Assignment of Error on direct appeal which the First District decided as follows:

> [*P16] In his third assignment of error, Allen contends that his guilty plea to the offense of involuntary manslaughter was not entered knowingly, intelligently, and voluntarily because it was not supported by sufficient evidence. Specifically, he alleges that there was no factual basis to support the assertion that he had caused the death of another while engaged in drug trafficking.
>
> [*P17] A guilty plea is a complete admission of the defendant's guilt that removes any issues of factual guilt from the case. See *State v. Derkson*, 1st Dist. Hamilton No. C-130844, 2014-Ohio-3831, ¶ 10; *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), paragraph one of the syllabus. Because Allen pled guilty to involuntary manslaughter, he cannot challenge the sufficiency of the evidence supporting that conviction.

*Allen I.*

The First District's wording of its decision reflects the confusing way this claim was argued to them: counsel[1] asserted that there was insufficient evidence to convict, relying heavily on *Tibbs v. Florida*, 457 U.S. 31 (1982)(Appellant's Brief, State Court Record, ECF No. 6, PageID 98.) *Tibbs* does indeed reiterate the standard for evaluating a constitutional sufficiency of the evidence claim adopted in *Jackson v. Virginia*, 443 U.S. 307 (1979). But sufficiency of the evidence is not a relevant legal question here. No evidence was presented and, as the First District held, a plea of guilty renders evidence-based claims irrelevant. *Allen I* at ¶ 17, relying on its own prior precedent *State v. Derkson,* 2014-Ohio-3831, (Ohio App. 1st Dist. 2014), where it held:

> The plea constitutes a complete admission of guilt and removes any issues of factual guilt from the case. See Crim.R. 11(B)(1); *State v. Wilson*, 58 Ohio St.2d 52, 388 N.E.2d 745 (1979), paragraph one of the syllabus; *State v. Montenegro*, 1st Dist. Hamilton No. C-010160, 2001 Ohio 3913, 2001 Ohio App. LEXIS 5764 (Dec. 21, 2001).

*Id.* at ¶ 10.

This is consistent with federal law: by entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime. *United States v. Broce*, 488 U.S. 563, 570 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969).

During the plea colloquy in this case, the prosecutor stated that Allen had agreed to plead guilty to Count One which was being amended from murder to involuntary manslaughter with the predicate felony being "trafficking in drugs, Judge, in this case cocaine. . ." (Transcript, State Court Record, ECF No. 6-1, PageID 276). Allen insists that the predicate felony was robbery and that is true of the unamended Indictment. However, the prosecutor was clearly seeking to amend the Indictment and it was the amended charge of involuntary manslaughter to which Allen pleaded guilty (See Entry, State Court Record ECF No. 6, PageID 57). During the plea colloquy, Judge

---

[1] The same attorney who represents Allen in this case also field the brief on direct appeal.

12

Dinkelacher asked Allen if the facts recited by the prosecutor were true and he said they were (Transcript, ECF No. 6-1, PageID 279).

Allen now argues that he essentially lied to Judge Dinkelacher because there was in fact no drug transaction. The facts as found by the First District are that the promise of a drug transaction, a sale of cocaine, was used by Allen and his collaborator to lure the victim to a particular place where the collaborator was to rob him with the use of a firearm. The fact that no drugs actually changed hands does not prevent the promised drug transaction from being the predicate.

Even if the facts recited by the prosecutor and admitted by Allen are taken as true, Allen has an alternative theory of why Ground Two is meritorious:

> However, even if there had been [a drug transaction] this was an insufficient basis, as a matter of law, to support a manslaughter conviction. Under R.C. 2903.04, defendant cannot be held responsible for consequences no reasonable person could expect to follow from his conduct; he will be held responsible for consequences, which are direct, normal, and reasonably inevitable, as opposed to extraordinary or surprising, when viewed in the light of ordinary experience. "Proximate result" bears a resemblance to the concept of "proximate cause" in that defendant will be held responsible for those foreseeable consequences which are known to be, or should be known to be, within the scope of the risk created by his conduct. *State v. Chambers*, 53 Ohio App.2d 266, 373 N.E.2d 393 (1977). Here, that means that death reasonably could be anticipated by an ordinarily prudent person, as likely to result under these or similar circumstances. See *State v. Nosis*, 22 Ohio App.2d 16, 457 N.E.2d 414 (1969).

(Petition, ECF No. 1, PageID 28.) This theory was never presented to the state courts and is thus procedurally defaulted. It is also without merit. The notion that going to rob a purported drug consumer with a gun may not result in a death is not a consequence "no reasonable person could expect."

Allen's second Ground for Relief is without merit.

13

**Ground Three: Ineffective Assistance of Trial Counsel: Conflict of Interest**

In his Third Ground for Relief, Allen claims he received ineffective assistance of trial counsel because his trial attorney, Merlyn Shiverdecker, was simultaneously representing Gary Young. He pleads:

> 24. At time Mr. Shiverdecker entered an appearance as counsel of record for Shawn, he was representing a defendant named Gary Young in Hamilton County Court of Common Pleas Case No. B140521-B. In the state's response to defendant's demand for discovery in Shawn's case on, March 27, 2015, Gary Young was listed as a witness for the state against Shawn. Mr. Shiverdecker continued to represent both Shawn and the witness against him, Gary Young, until Gary Young's case concluded with a plea and the sentencing on May 29, 2015.

(Supplement to Petition, ECF No. 1-1, PageID 21.

The Warden claims this Ground for Relief is procedurally defaulted because Allen did not show on the record before the First District on post-conviction appeal that anyone named Gary Young was in fact listed as a witness against him. The court of appeals wrote:

> Allen also failed to substantiate his claim that he had been denied his right to conflict-free assistance of counsel by his trial counsel's simultaneous representation of an individual named Gary Young on unrelated charges. The record before us does not, as Allen insisted, show that Young was listed as a witness in the state's discovery response. Nor did Allen otherwise demonstrate that his trial counsel had represented conflicting interests. See *State v. Manross*, 40 Ohio St.3d 180, 182, 532 N.E.2d 735 (1988) (holding that "[a] lawyer represents conflicting interests when, on behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose").

*Allen II* at *3. The State Court Record contains the State's discovery response which lists a Gary Young as a witness (ECF No. 6, PageID 239). Significantly, this document is part of Exhibit A to

14

Allen's Motion for Reconsideration of the First District's decision, filed February 2, 2018 (see PageID 228), several days **after** *Allen II* was decided. Counsel does not point to any place in the Petition for Post-Conviction Relief where this document was called to the attention of the trial court. It is not aattached to the Petition. It would have been part of the trial record and counsel argued in the Motion for Reconsideration that the trial court was required to consider the entire record in ruling on the Petition (Motion for Reconsideration, State Court Record, ECF No. 6, Ex. 23, PageID 231). Perhaps it was this lack of a specific record reference which caused the First District to conclude "The record before us does not, as Allen insisted, show that Young was listed as a witness in the state's discovery response." *Allen II* at *3.

Counsel conceded to the First District that she could not prove that the Gary Young Shiverdecker represented and the Gary Young who was listed as a witness against Allen were the same person (Motion to Reconsider, State Court Record, ECF No. 6, Ex. 23, PageID 231). She argues that "there is evidence to suggest that there was a connection in the cases and that therefore the two Gary Youngs are one and the same." *Id.* However, she never says what that evidence is.

In any event Shiverdecker's representation of Gary Young ended in May, 2015, when Young was convicted and sentenced, long before the scheduled November trial of Allen. There is no suggestion that somehow Young received favorable treatment in his case in return for being prepared to testify against Allen and it would be unlike the Hamilton County Prosecutor to provide a benefit for favorable testimony until after the testimony was actually given.

Where a criminal defendant can prove that his attorney actively represented actual conflicting interests, ineffectiveness will be found and there is no need to show prejudice resulting from the conflict. *Cuyler v. Sullivan,* 446 U.S. 335 (1980); *Thomas v. Foltz*, 818 F.2d 476 (6th Cir. 1987). The burden of proof of actual conflict is on the Petitioner. *Cuyler*, *supra*. The conflict

must be actual and significant. *Thomas,* 818 F.2d at 481. The presumed prejudice standard of *Cuyler* is clearly established only when the conflict is due to multiple concurrent representations. *Mickens v. Taylor*, 535 U.S. 16 (2002).

Petitioner has not proven that Attorney Shiverdecker actively represented conflicting interests in this case. Ground Three should be dismissed on the merits because *Allen II,* though summary, is not an objectively unreasonable application of *Cuyler*.

**Ground Four: Ineffective Assistance of Trial Counsel in Plea Negotiations**

In his Fourth Ground for Relief, Allen claims he received ineffective assistance of trial counsel in plea negotiations because Shiverdecker promised him a six-year sentence if he accepted the plea bargain. This is a narrower ineffective assistance of trial counsel claim than the one presented in the Petition for post-conviction relief. When the First District considered the trial judge's rejection of this claim, it held

> The record of the proceedings at Allen's plea and sentencing hearings contradict his self-serving statements in his affidavit that his guilty pleas had been the unknowing, unintelligent, and involuntary product of his trial counsel's ineffectiveness in counseling those pleas. See *State v. Calhoun,* 86 Ohio St.3d 279, 284-285, 1999-Ohio-102, 714 N.E.2d 905 (1999). And the common pleas court cannot be said to have abused its discretion in discounting the credibility of Allen's mother's affidavit concerning trial counsel's alleged deficiencies in advising Allen to plead, when, as his mother, she was presumably interested in the success of his postconviction motion, and when the common pleas court judge reviewing the motion had also presided at his plea and sentencing hearings. See *id*. See also *State v. Mynatt*, 1st Dist. Hamilton Nos. C-100298 and C-100319, 2011-Ohio-1358, ¶ 18-20 (holding that the *Calhoun* factors may be applied to assess the credibility of affidavits submitted in support of, and thus to determine the need for an evidentiary hearing on, a Crim.R. 32.1 motion to withdraw a guilty plea).

*Allen II* at *2-3. Review of the plea colloquy bears out the First District's finding: Allen specifically denied any promises had been made to him other than reduction of the murder charge to involuntary manslaughter (Transcript, State Court Record, ECF No. 6-1, PageID 179-80).

Without question a criminal defendant is entitled to effective assistance of counsel in plea negotiations. *Missouri v. Frye*, 566 U.S. 133 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012). And it would certainly constitute ineffective assistance of trial counsel to lie to a client about a promise of the judge to impose a six-year sentence and then counsel the client to lie to the court when asked if any promises had been made other than those recited on the record.

A plea-proceeding transcript which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the guilty or no contest plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* at 326–27.

A court cannot rely on the petitioner's alleged "subjective impression" "rather than the bargain actually outlined in the record," for to do so would render the plea colloquy process meaningless. *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). If the plea colloquy process were viewed in this light, any defendant who alleged that he believed the plea bargain was different from that outlined in the record would have the option of withdrawing his plea despite his own statements during the plea colloquy indicating the opposite. *Id.*

No rule of constitutional law requires a state court to accept at face value representations made by a defendant in support of a post-conviction petition. Indeed, the federal Constitution does not mandate any post-conviction process at all. As the Sixth Circuit has recently reiterated, post-conviction state collateral review is not a constitutional right, even in capital cases. *Murray v.*

17

*Giarratano*, 492 U.S. 1 (1989); *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Estelle v. Dorrough*, 420 U.S. 534, 536 (1975); *Hugueley v. Mays*, ___ F.3d ___, 2020 U.S. App. LEXIS 20541 (6th Cir. Jul. 1, 2020), citing *Murray* and *Lackawanna Cty. Dist. Att'y v. Coss,* 532 U.S. 394, 402 (2001).

In his Reply Allen asserts "[a] hearing on a post-sentence motion to withdraw a plea is required if the facts alleged by the defendant and accepted as true would require the court to permit that plea to be withdrawn." (ECF No. 9, PageID 397, citing *State v. Williams*, Cuyahoga App. No. 88737, 2007-Ohio-5073, at ¶ 34, citing *State v. Hamed*, 63 Ohio App.3d 5, 7 (1989). Whether or not that is true as a matter of Ohio law[2], there is no federal constitutional precedent to that effect.

Allen has not established that the First District's decision on his claim of ineffective assistance of trial counsel in post-conviction is contrary to or an unreasonable application of relevant Supreme Court precedent, particularly *Strickland v. Washington,* 466 U.S. 668 (1984). Ground Four is without merit.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not

---

[2] Both cited decisions are from the Cuyahoga County Court of Appeals, whose decisions are not binding on the First District. And in *Calhoun, supra*, the Supreme Court of Ohio has provided a standard for evaluating affidavits in post-conviction which does not require them to be accepted as face value.

be permitted to proceed *in forma pauperis*.

July 5, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.