IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

SHAWN ALLEN,

        Petitioner,      :      Case No. 1:19-cv-315

  - vs -                         District Judge Douglas R. Cole
                                     Magistrate Judge Michael R. Merz

WARDEN,
  Warren Correctional Institution,

                                      :
        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Motion for Certificate of Appealability (ECF No. 16).

On July 6, 2020, the Magistrate Judge filed a Report and Recommendations on the merits which included in its conclusion "[b]ecause reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability. . ." ("Report", ECF No. 12, PageID 424). This recommendation was included in recognition of Rule 11 of the Rules Governing § 2254 which requires a District court to make an appealability decision whenever it enters judgment in a habeas case adverse to the Petitioner.

The Petition pleads four grounds for relief (ECF No. 1) and the Report recommended all four be dismissed with prejudice. In Objections filed the same day as the instant Motion, Allen's counsel structures her arguments around the following two headings:

    A. Allen was denied the right to effective assistance of counsel
       because his attorney was activiely [sic] engaged in representing

1

> Allen (defendant in a criminal case) and the state's witness against Allen (Gary Young) creating a conflict of interest (ECF No. 15, PageID 483).
>
> B. Allen was denied effective assistance of counsel in plea negotiations when trial counsel promised Allen that counsel had worked out a deal such that, if Allen pled guilty he would be sentenced to six years in prison. Allen entered a plea on that basis. Instead, upon entering a plea of guilty, Allen was sentenced to 18 years in prison. *Id.* at PageID 486-87.

These Objections relate respectively to Grounds Three and Four. Petitioner has made no objection to the Report's recommendation that Grounds One and Two be dismissed. Consistently, Allen seeks a certificate of appealability only as to Grounds Three and Four.

The instant Motion restates the standard for issuance of a certificate of appealability from *Slack v. McDaniel*, 529 U.S. 473 (2000): to obtain a certificate of appealability, a petitioner must show at least that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right. That is, it must find that reasonable jurists would find the district court's assessment of the petitioner's constitutional claims debatable or wrong or that they warrant encouragement to proceed further. See also *Banks v. Dretke*, 540 U.S. 668, 705 (2004); *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Dufresne v. Palmer*, 876 F.3d 248 (6th Cir. 2017).

Having stated the standard, Petitioner's counsel makes no argument as to how it applied here. She does not, for example, point to any reasonable jurists who, in an analogous case, have disagreed with the conclusions in the Report. Nor does she argue why this case deserves encouragement to proceed further.

The Sixth Circuit recently sharpened the standard for issuance of a certificate:

> In short, a court should not grant a certificate without some substantial reason to think that the denial of relief might be incorrect. Crucially, in applying this standard, a court must consider not only the merits of the underlying constitutional claim but also any

2

> procedural barriers to relief. *Buck v. Davis,* 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017); *Slack [v. McDaniel]*, 529 U.S. at 484-85; see also *Dufresne v. Palmer*, 876 F.3d 248, 254 (6th Cir. 2017). To put it simply, a claim does not merit a certificate unless every independent reason to deny the claim is reasonably debatable.
>
> [T]he standards for a certificate are no mere technicality. Quite the contrary. By authorizing extra appeals, improper certificates add to the "profound societal costs" of habeas litigation while sapping limited public resources. *Calderon v. Thompson,* 523 U.S. 538, 554, 118 S. Ct. 1489, 140 L. Ed. 2d 728 (1998) (quoting *Smith v. Murray*, 477 U.S. 527, 539, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986)). For one, they divert our time and attention from the cases Congress actually meant us to hear, often leading us to appoint counsel and schedule argument in cases that we later find to be insubstantial. For another, they require state and federal government attorneys to devote their time and attention to defending appeals that should never have existed. Plus, they may even harm those habeas petitioners whose claims really do merit an appeal because it could "prejudice the occasional meritorious [claim] to be buried in a flood of worthless ones." *Brown v. Allen*, 344 U.S. 443, 537, 73 S. Ct. 397, 97 L. Ed. 469 (1953) (Jackson, J., concurring). In short, it's critical that courts follow the rules Congress set.

*Moody v. United States,* 958 F.3d 485 (6th Cir. 2020).

The certificate of appealability requirement for a petitioner's appeal in a habeas corpus case was designed by Congress to be administered by the circuit courts themselves. 28 U.S.C. § 2253(c)(1) as enacted in the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") reads "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken . . . Within a year of the enactment of AEDPA, however, the circuit courts generally had "delegated" that task to the district courts. *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1997). *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997). That delegation is now codified by the Supreme Court in Rule 11. Precedent allows us neither the false humility of blanket grants or the false pride of blanket denials. *Porterfield v. Bell,* 258 F.3d 484(6th Cir. 2001); *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Instead, a claim-

3

by-claim analysis appears to be required.  While denial is not appealable, an unsuccessful habeas petitioner can, indeed must, apply to the circuit court for a certificate.  In this Magistrate Judge's experience, the grant of such certificates by the Sixth Circuit when they have been denied by this Court is relatively rare.  But in any event a certificate is not available upon mere recitation of the standard and reiteration of a petitioner's claims.

Accordingly, the Magistrate Judge respectfully recommends that the Motion for Certificate of Appealability be denied.

July 20, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.