UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SHAWN ALLEN,

      Petitioner,

v.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,

      Respondent.

Case No. 1:19-cv-315
JUDGE DOUGLAS R. COLE
Magistrate Judge Merz

## OPINION AND ORDER

This cause comes before the Court on the Magistrate Judge's July 6, 2020, Report and Recommendation ("July 6, 2020, R&R," Doc. 12) and July 20, 2020, Report and Recommendation ("July 20, 2020, R&R," Doc. 17). The July 6, 2020, R&R recommends that the Court dismiss with prejudice Petitioner Shawn Allen's petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). (Doc. 12, #424). The July 20, 2020, R&R recommends denying Allen's Motion for a Certificate of Appealability (Doc. 16). (Doc. 17, #498). Allen has objected to both of those R&R's. (Docs. 15, 18).

For the reasons stated more fully below, the Court **OVERRULES** Allen's Objections (Docs. 15, 18) and **ADOPTS** the July 6, 2020, R&R (Doc. 12) and the July 20, 2020, R&R (Doc. 17) in full. The Court thus **DISMISSES** Allen's petition (Doc. 1) **WITH PREJUDICE**. The Court also **DENIES** Allen's Motion for a Certificate of Appealability (Doc. 16) and **CERTIFIES** that any appeal of this Opinion would be objectively frivolous and **DENIES** Allen permission to proceed in forma pauperis.

## PROCEDURAL HISTORY

A.     **State Court Proceedings**

In February 2015, a Hamilton County grand jury indicted Allen on one count of murder in violation of Ohio Revised Code § 2903.02(B), with two firearm specifications, and one count of aggravated robbery in violation of Ohio Revised Code § 2911.01(A)(1), also with two firearm specifications. That November, Allen pleaded guilty to one count of involuntary manslaughter in violation of Ohio Revised Code § 2903.04(A), with one firearm specification, and to the previously charged aggravated robbery count. The prosecutor dismissed the remaining charges and specifications. The trial court sentenced Allen to eleven years' imprisonment on the manslaughter charge, three years on the firearm specification, and four years on the aggravated battery charge, all to run consecutively. In total, the state court sentenced him to eighteen years.

Allen appealed his conviction to the Ohio First District Court of Appeals ("First District"). That court affirmed. *State v. Allen*, 2016-Ohio-5258 (Ohio App. 1st Dist. Aug. 5, 2016) ("*Allen I*"). The Ohio Supreme Court declined jurisdiction. *See State v. Allen*, 148 Ohio St.3d 1426 (2017) (table).

Allen next petitioned the Hamilton County Court of Common Pleas under Ohio Revised Code § 2953.21 to vacate his sentence or, in the alternative, to let him withdraw his guilty plea. The court denied his petition. He appealed again, and the First District affirmed again, both at first and on reconsideration, and the Ohio Supreme Court again declined jurisdiction. *State v. Allen*, 2018 Ohio App. LEXIS 313

(Ohio App. 1st Dist. Jan. 26, 2018) ("*Allen II*"), appellate jurisdiction denied, 152 Ohio St.3d 1482 (2018) (table).

**B.   Allen's Habeas Petition**

Allen launched the instant proceedings on April 30, 2019, by petitioning this Court for habeas corpus relief. (Doc. 1, #19). His petition sets out four grounds for relief. First, he argues that involuntary manslaughter and aggravated robbery are "allied offenses of similar import" under Ohio law. (*Id*. at #22). Thus, he contends, the trial court's imposition of separate sentences violated the Fifth Amendment's Double Jeopardy Clause. (*Id*. at #22–26). Second, he argues that he did not plead guilty "knowingly, intelligently, and voluntarily" because the facts at hand did not support his charges, and he believed the court lacked jurisdiction. (*Id*. at #26–28). Third, he argues that he received ineffective assistance of counsel because his trial attorney, Merlyn Shiverdecker, had a conflict of interest. (*Id*. at #28–30). And fourth, he argues that he received ineffective assistance of counsel during his plea negotiations. (*Id*. at #30). According to Allen, Shiverdecker lied to him about the length of the sentence he "would receive[.]" (*Id*. at #30–33). Allen also refers to three other grounds for relief but never pleads them. (*Id*. at #11).

**C.   The July 6, 2020, R&R**

After Allen petitioned, the Magistrate Judge issued the July 6, 2020, R&R. (Doc. 12). That R&R recommends that the Court reject all of Allen's grounds for relief. (Doc. 12). To start, the Magistrate Judge recommends rejecting Allen's first claim—that involuntary manslaughter and aggravated robbery are "allied offenses of similar

3

import"—on procedural default grounds. (*Id.* at #413). The Magistrate Judge believed that the First District was correct in enforcing Ohio's contemporaneous objection rule against Allen for failing to bring his allied offenses claim before the trial court. (*Id.* at #412–13). The Sixth Circuit recognizes that rule as an adequate and independent state ground, *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012) (citation omitted), and Allen has not explained his failure to make the argument. So the Magistrate Judge concluded that the claim was procedurally defaulted. (*Id.* at #413).

The July 6, 2020, R&R next recommends rejecting Allen's claim that his conviction was involuntary and lacked evidentiary support. (*Id.* at #418). The Magistrate Judge recommends rejecting this claim because, during the plea colloquy, Allen admitted the facts on which his conviction was based. (*Id.*). And under federal law, a plea of guilty is an admittance of guilt to the underlying crime, not simply a way to negotiate a lower sentence. *United States v. Broce*, 488 U.S. 563, 570 (1989).

The July 6, 2020, R&R also recommends that the Court reject Allen's claim that he received ineffective assistance of counsel because Shiverdecker represented one of the government's witnesses, Gary Young, in a separate matter. (*Id.* at #420–22). The Magistrate Judge found that the facts before the state court did not show that Shiverdecker actively represented conflicting interests and that, in any event, Allen had not shown that the Gary Youngs in question were the same person. (*Id.* at #422).

Finally, the July 6, 2020, R&R recommends rejecting Allen's fourth claim—that Shiverdecker was ineffective during the plea-bargaining process. (*Id.* at #423).

4

The Magistrate Judge refused to take Allen's post-conviction assertions of misrepresentations by his trial counsel at face value, given the plea-bargaining process and the plea transcript. (*Id.* at #422). After all, the R&R notes, the transcript reflects that Allen's plea was "voluntary and intelligent[,]" and Allen had shown no evidence supporting his claim that Shiverdecker lied to him. (*Id.* at #423).

### D. Allen's Objections to the July 6, 2020, R&R

Allen filed Objections to the July 6, 2020, R&R relating solely to his ineffective assistance of counsel claims. (Doc. 15). First, Allen argues that the Magistrate Judge erred in finding that there was no actionable conflict of interest. He believes that he did not receive an adequate opportunity to prove this claim but admits that he has not proven that the Gary Youngs are the same person. (*Id.* at #484–85). And second, Allen argues that the Magistrate Judge misapplied case law in recommending denial of his claim that Shiverdecker lied to him. This, essentially, is because a petitioner in another case received an evidentiary hearing based on the alleged promises of counsel, and Allen did not. (*Id.* at #487).

### E. The July 20, 2020, R&R

After Allen objected to the July 6, 2020, R&R, he moved for a certificate of appealability as to his ineffective assistance of counsel claims. (Doc. 16). The Magistrate Judge then issued the July 20, 2020, R&R recommending that Allen's motion be denied. (Doc. 17). Allen's motion, the July 20, 2020, R&R noted, recited the correct standard for a certificate of appealability, but merely reiterated his earlier claims, and thus did not meet that standard. (*Id.* at #496).

5

**F.     Allen's Objections to the July 20, 2020, R&R**

In response to the July 20, 2020, R&R, Allen fired off another set of Objections. (Doc. 18). His new Objections continue to recast his earlier claims while noting his belief that his provided affidavits clear the requisite hurdle for earning a certificate of appealability. (*Id.* at #500).

## LAW AND ANALYSIS

The Court reviews an R&R de novo after a party timely objects. Fed. R. Civ. P. 72(b)(3). Such review applies only to "any portion to which a proper objection was made." *Richards v. Colvin*, No. 2:12-cv-748, 2013 WL 5487045, at *1 (S.D. Ohio Sept. 30, 2013).

Faced with a proper objection, "[t]he district court 'may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)). By contrast, a purely general objection "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Thus, a litigant must identify each issue in the R&R to which he or she objects with sufficient clarity that the Court can identify it, or else that issue is deemed forfeited. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

As to the unobjected portions of an R&R, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself

that there is no clear error on the face of the record in order to accept the recommendation." *See Redmon v. Noel*, No. 1:21-CV-445, 2021 WL 4771259, at *1 (S.D. Ohio Oct. 13, 2021) (citing cases). Here, Allen has objected to some parts of the R&Rs and left others untouched. The Court reviews accordingly.

### A.     Ineffective Assistance of Counsel Due to Conflict of Interest

Allen first objected to the July 6, 2020, R&R's recommendation that this Court dismiss his ineffective assistance of counsel claim. This, Allen asserts, is because he adequately showed that Shiverdecker had a conflict of interest while representing him. The Court reviews the R&R's recommendation on this issue de novo. Fed. R. Civ. P. 72(b)(3).

The starting point for an ineffective assistance of counsel claim is the two-pronged test from *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *Strickland* instructs that a defendant must show (1) deficient performance by counsel and (2) that the deficient performance prejudiced the defendant such that they were deprived of a fair trial. *Id.*; *see also Meeks v. Bergen*, 749 F.2d 322, 327 (6th Cir. 1984).

When it comes to conflicts of interest, the Court will find ineffectiveness if a defendant proves that his attorney actively represented actual conflicting interests. *Cuyler v. Sullivan*, 446 U.S. 335 (1980). The burden of proof is on the Petitioner. *Id.* at 350. And "actual significant conflict" must be present. *Thomas v. Foltz*, 818 F.2d 476 (6th Cir. 1987) (citations omitted).

According to Allen, Shiverdecker's representation of Gary Young constitutes a conflict of interest. (Doc. 15, #483). For one, Allen alleged that the government listed

7

a man named Gary Young on its witness list in his case. (*Id.*). But Allen did not present this evidence until after the First District decided *Allen II*. *See Allen II* at *3 (noting that the record "does not, as Allen insisted, show that Young was listed as a witness in the state's discovery response"). (Doc. 6, #228, #239). And counsel for Allen conceded that she could not prove that the two Gary Youngs are the same person. (Motion To Reconsider, Doc. 6, #231). *See Cuyler*, 446 U.S. at 350 (holding that the mere "possibility of conflict is insufficient to impugn a criminal conviction").

Further, as Allen acknowledged, Shiverdecker finished representing Gary Young six months before Allen's trial. (Memorandum in Support of Jurisdiction, Doc. 6, #252). And there is no evidence that Young (assuming it was the same Young) received any favorable treatment for testifying against Allen. Indeed, nothing in the record suggests that Allen and Young had actual conflicting interests. The Court **OVERRULES** Allen's first objection (Doc. 15).

B.   **Ineffective Assistance of Counsel During Plea Bargaining**

Allen also objected to the July 6, 2020, R&R's conclusion as to his other ineffective assistance of counsel claim. He alleges Shiverdecker "promised" him a six-year sentence if he accepted the plea deal, and he instead received an eighteen-year sentence. (Doc. 15, #488). Again the Court reviews Allen's objection de novo. Fed. R. Civ. P. 72(b)(3). Allen was entitled to effective assistance of his counsel throughout his plea negotiations. *Missouri v. Frye*, 566 U.S. 134 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012). So the Court once more starts with the two-pronged test from *Strickland*. 466 U.S. at 687.

The Court notes a key fact at the outset. During the plea colloquy, Allen specifically denied that Shiverdecker (or anyone else) promised him anything outside of a reduction in his charges. (Plea Transcript, Doc. 6-1, #279–80). Such a denial places a "heavy burden" on Allen, as the Sixth Circuit applies a "presumption of correctness" to such statements during plea hearings. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Looking, then, to the "bargain actually outlined in the record," *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999), the Court cannot say that Allen's second claim merits habeas relief. The trial court asked Allen many questions to verify that he understood what the plea agreement contained, and Allen answered each question in a manner indicating that the agreement contained the entire plea agreement between the parties and was free of coercion or outside influence. (Plea Transcript, Doc. 6-1, #279–80). Allen's testimony at the plea hearing poses an obstacle for his claim here—one that he fails to overcome.

Allen attempts to rely on *Blackledge v. Allison* as support for a different result. 431 U.S. 63 (1977). But *Blackledge* is inapt. For one, the Supreme Court decided that case almost fifty years ago, when plea bargaining had "[o]nly recently" become a "legitimate" part of the justice system. *Id.* at 76. Not so today. Plea bargains are now commonplace. And much of the language used to execute them is boilerplate, as seen by the litany of questions the trial court asked to verify the legitimacy of the plea agreement. (*See* Plea Transcript, Doc. 6-1, #7, #12–16). Also, the petitioner in *Blackledge* remembered exactly when and where the promise was made and had a witness to corroborate his account. 431 U.S. at 76. Allen's Objections specify only one

9

dateless occasion at his father's house when Shiverdecker allegedly referred to a six-year sentence on the phone. *Cf. Ramos*, 170 F.3d at 560 (rejecting reliance on a "subjective impression [of the petitioner] rather than the record"). Such an allegation does not meet the "heavy burden" that *Garcia* imposes. 991 F.2d at 328. The Court **OVERRULES** Allen's second objection (Doc. 15).

C.  **Violation of the Double Jeopardy Clause**

Allen did not object to the R&R's recommendation on his double jeopardy claim. So the Court reviews for clear error. *Redmon*, 2021 WL 4771259, at *1. The Magistrate Judge examined Allen's arguments and relevant law and concluded that this claim failed due to procedural default.

The Supreme Court has explained that "a federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 137 S.Ct. 2058, 2064 (2017). To determine whether a court can review such a claim, the Sixth Circuit uses a four-part test:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.... Second, the court must decide *219 whether the state courts actually enforced the state procedural sanction.... Third, the court must decide whether the state procedural forfeiture is an 'adequate and independent' state ground on which the state can rely to foreclose review of a federal constitutional claim.... [Fourth, o]nce the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate ... that there was 'cause' for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986); *see also Barton v. Warden, S. Ohio Corr. Facility*, 786 F.3d 450, 464 (6th Cir. 2015).

The July 6, 2020, R&R notes that Ohio has a relevant rule on contemporaneous objections and that the First District enforced the rule here.[1] (Doc. 12, #412–413). The Sixth Circuit has repeatedly held that a state's contemporaneous objection rule is an adequate and independent state ground of decision for purposes of procedural default. *See, e.g., Wogenstahl*, 668 F.3d at 334 (citation omitted). And as the Magistrate Judge points out, Allen has proffered no reason to excuse his failure to comply with the rule. (Doc. 12, #413). The Court sees no clear error here, indeed no error at all.

**D. Involuntary Guilty Plea**

Allen also did not object to the July 6, 2020, R&R's conclusions as to his involuntary guilty plea claim. So the Court reviews that claim for clear error as well. *Redmon*, 2021 WL 4771259, at *1. Allen argues mainly that there was "no factual basis" for his conviction and thus insufficient evidence to support it. (Pet., Doc. 1, #28). But as the July 6, 2020, R&R notes, sufficiency of the evidence is irrelevant here. (Doc. 12, #418). A guilty plea means that the defendant is admitting to the substantive crime. *See Broce*, 488 U.S. at 570; *see also McCarthy v. United States*, 394 U.S. 459, 466 (1969). So Allen cannot then turn around and argue that there was insufficient evidence to convict him of a crime to which he admitted as part of the

---

[1] Ohio rules required Allen to call his alleged error to the trial court's attention when it could have been avoided or corrected. *See State v. Glaros*, 170 Ohio St. 471 (1960); *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998). He did not. So the First District enforced it against him. *Allen I* at 8–11.

11

plea-bargaining process. His alternative theory (which relies on his apparent belief that "no reasonable person could expect" the consequences of his conduct as they came about, (Pet., Doc. 1, #28)) is just as meritless. The Court sees no error here either.

**E.     Motion for a Certificate of Appealability**

As mentioned above, Allen moved for a certificate of appealability after the Magistrate Judge issued the July 6, 2020, R&R. (Doc. 16). The Magistrate Judge then issued the July 20, 2020, R&R, recommending the certificate of appealability be denied because Allen had simply recast his earlier arguments and not shown why reasonable jurists could find the earlier assessments debatable. (Doc. 17, #496–97). Allen timely filed his Objection, restating almost word-for-word his original habeas petition and previous Objections. (Doc. 18). That is a bad start—the Sixth Circuit has held that merely restating prior filings forces "duplication of time and effort [that] wastes judicial resources" and can be grounds to disregard an otherwise-proper objection. *Howard*, 932 F.2d at 509. Nevertheless, for the purposes at hand, the Court will review the July 20, 2020, R&R's recommendation de novo. Fed. R. Civ. P. 72(b)(3).

The Court begins its analysis of the issue with *Slack v. McDaniel*. 529 U.S. 473 (2000). Under *Slack*, to warrant a certificate of appealability, a petitioner must show that reasonable jurists would find the July 6, 2020, R&R's assessment of the relevant constitutional claims debatable, wrong, or worthy of encouragement to proceed. *Id*.; *see also Banks v. Dretke*, 540 U.S. 668, 705 (2004). The Sixth Circuit has instructed that courts "should not grant a certificate without some substantial reason to think

12

that the denial of relief might be incorrect." *Moody v. United States*, 958 F.3d 485, 488 (6th Cir. 2020).

Allen cannot make any of the requisite showings suggested by *Slack*. His motion for a certificate of appealability merely restates his previous arguments, which, as set out above, lack merit. He has proffered no reason that he should be issued such a certificate outside of his personal disagreement with the Magistrate Judge's conclusions. The Court, however, agrees with the Magistrate Judge and thus **DENIES** Allen's Motion for a Certificate of Appealability (Doc. 16).

## CONCLUSION

For the reasons set forth above, the Court **ADOPTS** in full the July 6, 2020, R&R (Doc. 12) and the July 20, 2020, R&R (Doc. 17) and **OVERRULES** Allen's Objections to the July 6, 2020, R&R (Doc. 15) and his Objections to the July 20, 2020, R&R (Doc. 18). The Court **DISMISSES** Allen's habeas petition (Doc. 1) **WITH PREJUDICE**. And the Court **DIRECTS** the Clerk enter judgment and **TERMINATE** this matter on the Court's docket. Because the Court finds that reasonable jurists would not disagree with this conclusion, the court **DENIES** Allen's Motion for a Certificate of Appealability (Doc. 16) and **CERTIFIES** that any appeal of this Opinion would be objectively frivolous and **DENIES** Allen permission to proceed in forma pauperis.

**SO ORDERED.**

September 30, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**